J-S15014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK RONALD STROUD | : | |
| | : | |
| Appellant | : | No. 881 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 21, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000436-2021

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: NOVEMBER 21, 2023**

Jack Ronald Stroud appeals from the judgment of sentence of twelve to twenty-four months of incarceration imposed following his guilty plea. Counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), along with a motion to withdraw.  We affirm Appellant's judgment of sentence and grant counsel's motion to withdraw.

In March of 2022, Appellant entered a negotiated guilty plea to one count of flight to avoid apprehension.  On April 21, 2022, he was sentenced as indicated hereinabove, with that sentence set to run consecutive to any other sentence Appellant was serving.  Although not docketed or filed,

Appellant submitted a post-sentence motion for reconsideration of sentence, which the trial court denied.  This appeal followed.[1]

As noted, counsel filed a motion to withdraw and an **Anders** brief.  Thus, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.
>
> If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence.  However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

_____

[1] This Court previously remanded for (1) counsel to ensure inclusion within the certified record all pertinent documents, (2) counsel to file a concise statement pursuant to Pa.R.A.P. 1925(b) or (c)(4), and (3) the trial court to write a Rule 1925(a) opinion.  **See Commonwealth v. Stroud**, 298 A.3d 1152 (Pa.Super. 2023).  While there is still no indication the post-sentence motion was properly docketed or filed, it was included within the supplemental record.  Our directives having been followed, the matter is now ripe for our review.

***Commonwealth v. Cook***, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's motion to withdraw and ***Anders*** brief, we conclude that counsel has complied with the technical requirements set forth above. Accordingly, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting ***Santiago***, ***supra*** at 354 n.5). Counsel has identified four issues arguably supporting an appeal:

1. Did the trial court err in determining Appellant's guilty plea was entered into knowingly, intelligently, and voluntarily?

2. Did the trial court err and abuse its discretion when it imposed a consecutive, harsh[,] and excessive sentence?

3. Did the trial court err when it failed to state sufficient reasons on the record, beyond Appellant's criminal history, when imposing a sentence in the aggravated range of the sentencing guidelines?

4. Did the trial court err when it ordered Appellant to pay a fine of $500.00 pursuant to 42 Pa.C.S. § 9726 without determining his ability to pay said fine?

- 3 -

***Anders*** brief at 8 (cleaned up).

We begin with the challenge to Appellant's guilty plea. To preserve such a claim, a defendant "must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa.Super. 2017) (cleaned up). Here, Appellant did not object to the validity of the plea at the time he entered it or at sentencing. While he submitted a post-sentence motion, it only sought reconsideration of his sentence and did not challenge his plea. Since Appellant has waived any challenge to the validity of his plea, we agree with counsel that this claim is wholly frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa.Super. 2008) (holding that it is frivolous to pursue waived claims).

Appellant next seeks to challenge the discretionary aspects of his sentence.[2] It is well-settled that a defendant does not have an absolute right to review by this Court of such a challenge:

> Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there

---

[2] We observe that Appellant has not waived this issue by virtue of his guilty plea because he did not negotiate a sentence. ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa.Super. 2020) (noting that "when a defendant pleads guilty without an agreement as to the sentence, he may challenge the discretionary aspects of the sentence imposed" (cleaned up)).

is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Solomon***, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up). For the sake of argument, we assume that Appellant has satisfied these requirements.[3]

Turning to the merits of these claims, our standard of review is as follows:

> Appellant must demonstrate that the sentencing court abused its discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[3] Regarding the second requirement, we presume that Appellant's unfiled post-sentence motion was timely. As to whether Appellant raised a substantial question, we observe that counsel did not set forth any substantial questions within the Rule 2119(f) statement, instead stating therein its conclusion that Appellant had failed to raise a substantial question. ***See Anders*** brief at 13-14. Since counsel is seeking to withdraw, we will not penalize Appellant for this error, and will, in this instance, look beyond the Rule 2119(f) statement as to whether Appellant has raised a substantial question. Appellant raises an excessiveness claim, which, given the posture of this case, we will presuppose raises a substantial question. ***See Commonwealth v. Watson***, 228 A.3d 928, 935 (Pa.Super. 2020) ("A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review." (cleaned up)). Further, his allegation that the court imposed an aggravated range sentence without providing its reasons on the record raises a substantial question. ***See Commonwealth v. Mrozik***, 213 A.3d 273, 275 (Pa.Super. 2019) ("Mrozik's claim that the sentencing court imposed an aggravated-range sentence, without stating on the record its reasons therefor, raises a substantial question." (citation omitted)).

*Id*. at 1168 (cleaned up). Moreover, when the court has the benefit of a pre-sentence investigation ("PSI") report,

> we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.
>
> A PSI report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencing courts are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa.Super. 2020) (cleaned up).

Our review of the certified record confirms that the trial court did not abuse its discretion in sentencing Appellant. During the sentencing hearing, the trial court extensively reviewed on the record Appellant's PSI report. *See* N.T. Sentencing, 4/21/22, at 4-7. After imposing the above-referenced sentence, the trial court explicitly offered the following "reasons for sentencing:"

> I will incorporate the [PSI] into the court's reasons for sentencing. I have considered all the factors that are required for sentencing, the facts and circumstances about the defendant as contained in the [PSI] and the statements that were made here today on his behalf, as well as the circumstances underlying the offense and find that a sentence in the aggravated range is appropriate.

- 6 -

. . . [T]he singular [*sic*] really most aggravating circumstances here is the defendant was on state parole when this offense was committed. And other than that, total incarceration – he's a – had a very difficult time trying to complete or comply with any type of community supervision as can be seen through his prior record. He's been involved in the criminal justice system as we've said since almost 1998, almost uninterrupted, no interruptions it seems in his – his involvement.

Our department supervised the defendant as a juvenile and as an adult, his supervision periods, multiple revocations had to take place. Drugs and alcohol have always been an issue, his continued use of drugs and/or alcohol has resulted in – in him remaining in our criminal justice system.

So that will conclude the court's reasons for sentencing.

*Id*. at 8-9 (cleaned up).

Clearly, the trial court considered all necessary factors and explained its reasons for the aggravated range sentence at the time it was imposed. Based on the foregoing, we agree with counsel that Appellant's challenges to the discretionary aspects of his sentence are frivolous.

In Appellant's remaining issue, he seeks to challenge the trial court's imposition of a fine pursuant to 42 Pa.C.S. § 9726. *See Anders* brief at 28-29. As this claim implicates the legality of Appellant's sentence, "our standard review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. May*, 271 A.3d 475, 481 (Pa.Super. 2022) (cleaned up). Section 9726 provides in pertinent part as follows:

**(b) Fine as additional sentence.--**The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:

(1) the defendant has derived a pecuniary gain from the crime; or

(2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.

**(c) Exception.--**The court shall not sentence a defendant to pay a fine unless it appears of record that:

(1) the defendant is or will be able to pay the fine; and

(2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

**(d) Financial resources.--**In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.

42 Pa.C.S. § 9726.  In short, § 9726(c) "requires record evidence of a defendant's ability to pay a fine[.]" *Commonwealth v. Ford*, 217 A.3d 824, 831 (Pa. 2019).  This Court has held that such an evidentiary basis exists where the sentencing court has the benefit of a PSI report that includes a defendant's "educational history, employment history, and existing assets." *Commonwealth v. Boyd*, 73 A.3d 1269, 1274 (Pa.Super. 2013) (*en banc*).

In its Rule 1925(a) opinion, the trial court explained that, during the sentencing hearing, it reviewed the PSI report and found that "Appellant had been employed for approximately eleven years at stone quarries and construction." Trial Court Opinion, 9/14/23, at 5 (cleaned up).  It determined that this was "sufficient consideration for the court to determine Appellant will be able to pay the fine." *Id*.  Our review of the certified record confirms the

trial court's conclusion that the PSI report provided an adequate evidentiary basis for determining that Appellant was able to pay the imposed fine. Accordingly, we agree with counsel that this claim is frivolous.

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues that counsel failed to address.[4]  **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).  Accordingly, we affirm the judgment of sentence and grant counsel's motion to withdraw.

Motion of Jillian Kochis, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2023

---

[4] We conduct this review mindful of the fact "[w]hen a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." **Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007) (cleaned up).