J-A22014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :  PENNSYLVANIA
                                          :

            v.  :

DESIRAE FEITL  :

          Appellant  :  No. 215 WDA 2023

Appeal from the Judgment of Sentence Entered December 1, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000749-2021

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:  **FILED: April 30, 2024**

Desirae Feitl appeals from the judgment of sentence of six and one-half to sixteen years of incarceration imposed after she pled guilty to one count of delivery of a controlled substance.  In this Court, Benjamin B. Levine, Esquire, has filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition and affirm Appellant's judgment of sentence.

We previously provided the following background:

Appellant was a member of a large-scale drug distribution ring. At the time of her arrest, she possessed heroin and fentanyl. Following a grand jury investigation, Appellant was indicted and charged with numerous offenses related to the drug distribution ring.  Thereafter, Appellant pled guilty to one count of delivery of a controlled substance and was sentenced to the [negotiated]

term indicated above.[1] Appellant subsequently filed a *pro se* notice of appeal. Plea counsel withdrew, and the court appointed Attorney Levine, who, pursuant to Pa.R.A.P. 1925(c)(4), filed in the trial court a statement noting his intention to withdraw from representation. Based thereon, the trial court transmitted the record to this Court in lieu of filing a Rule 1925(a) opinion.

*Commonwealth v. Feitl*, 309 A.3d 1205, 2023 WL 7291255, at *1 (Pa.Super. 2023 (non-precedential decision). Noting deficiencies both in the record and with Attorney Levine's initial brief, we directed him to supplement the certified record and submit either an advocate's brief or new *Anders* brief and application to withdraw. Counsel has complied, and the matter is now ripe for review. In counsel's new *Anders* brief, he presents nine issues that arguably support an appeal:

I. Whether there was a conflict of interest between prosecuting Senior Deputy Attorney General Kara Cotter and the Butler County District Attorney's Office?

II. Whether there was a conflict of interest involving Butler County District Attorney Richard Goldinger?

III. Whether there was a conflict of interest with Magisterial District Judge [("MDJ")] Fullerton?

IV. Whether Appellant was improperly denied bond modification?

V. Whether Appellant's sentence in this case is excessive?

---

[1] Appellant was advised at the time of both her guilty plea and sentencing that she was precluded from receiving a recidivism risk reduction incentive ("RRRI") minimum sentence because of a prior conviction and based upon the amount of fentanyl involved in the case *sub judice*. *See* N.T. Plea, 10/5/22, at 11-13; N.T. Sentencing, 12/1/22, at 4, 6-7.

VI.     Whether plea counsel performed his due diligence in assisting Appellant?

VII.    Whether Appellant was RRRI eligible?

VIII.   Whether Appellant was given all work credit hours due her while in the Butler County Prison?

IX.     Whether Appellant should have received "COVID time" or "half time" due to incarceration during the COVID-19 pandemic?

*Anders* brief at 9 (reordered for ease of disposition).

Our review is guided by the following legal principles, and begins with an assessment of the brief and application to withdraw:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.
>
> If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.
>
> . . . .

> In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Stroud**, 298 A.3d 1152, 1157–58 (Pa.Super. 2023) (cleaned up). Counsel has substantially complied with the requirements set forth above. Accordingly, we now "proceed to examine the issues counsel identified in the **Anders** brief and then conduct a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Redmond**, 273 A.3d 1247, 1252 (Pa.Super. 2022) (cleaned up).

At the outset, we observe that by entering a negotiated guilty plea with an agreed-upon sentence, a defendant forfeits most bases for appeal and "may generally only appeal matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence." **Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa.Super. 2020) (cleaned up). None of Appellant's first five issues, concerning alleged conflicts of interest, denial of bond modification, or the discretionary aspects of her negotiated sentence, falls within any of these categories. Accordingly, they

are waived, and counsel correctly identified them as frivolous.[2]  **See**, **e.g.**, **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa.Super. 2008) (holding that it would be frivolous to pursue a waived issue on appeal).

We begin our substantive review, then, by considering the viability of the claim that plea counsel rendered ineffective assistance.  Generally, such claims may not be raised on direct appeal, and instead should be raised in a petition pursuant to the Post Conviction Relief Act ("PCRA") after a defendant's direct appeal rights have been exhausted.  There are three limited exceptions to this rule:  "where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice[;]" (2) where "there is good cause shown, and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence[;]" and (3) "where the defendant is statutorily precluded from obtaining subsequent PCRA review."  **Commonwealth v. James**, 297 A.3d 755, 761 (Pa.Super. 2023) (cleaned up).  Since we are not presented with extraordinary circumstances in which ineffectiveness is apparent from the record, that Appellant waived subsequent PCRA review, or

_____

[2] These issues are likewise waived for failure to present them to the trial court. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (listing as one of the requirements for invoking our jurisdiction in reviewing a discretionary sentencing issue that it was preserved either at sentencing or in a timely post-sentence motion).

that she is statutorily precluded from later seeking such review, no exceptions to the general rule apply here. *Id*. Thus, we agree with counsel that raising an ineffectiveness claim in this appeal would be frivolous.

Appellant's remaining claims implicate the legality of her sentence. *See* *Commonwealth v. Quiles*, 166 A.3d 387, 392 (Pa.Super. 2017) ("The question of whether a defendant is RRRI eligible presents a question of statutory construction and implicates the legality of the sentence imposed." (cleaned up)); *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa.Super. 2018) ("A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." (cleaned up)). We review such claims *de novo*. *See Gibbs*, 181 A.3d at 1166.

Turning first to Appellant's RRRI claim, we note that "RRRI eligibility permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences." *Quiles*, 166 A.3d at 392 (cleaned up). However, "[n]ot all defendants qualify for RRRI eligibility, and, therefore, when a court imposes a sentence of imprisonment in a state correctional facility, the court must also determine if the defendant is eligible for an RRRI Act minimum sentence." *Id*. (cleaned up).

The RRRI statute defines an "[e]ligible person" as "[a] defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements[.]" 61 Pa.C.S. § 4503. One of those requirements is that the

defendant has not been found guilty or previously convicted of "[d]rug trafficking as defined in [§] 4103[.]" 61 Pa.C.S. § 4503(4). The definition of drug trafficking in § 4103 includes "fentanyl or a mixture containing fentanyl, if the aggregate weight of the compound or mixture containing the fentanyl is [ten] grams or more." 61 Pa.C.S. § 4103(7) (capitalization altered).

At the sentencing hearing, the trial court properly determined that Appellant was statutorily disqualified from receiving a RRRI sentence. **See** N.T. Sentencing, 12/1/22, at 7. The certified record bears out that Appellant personally sold at least 256 grams of heroin/fentanyl during the trafficking scheme and, following her arrest, a search of her residence revealed 27.4 grams of fentanyl. **See** Presentment No. 14, 5/28/21, at 1, 7-8, 13; **see also** N.T. Sentencing, 12/1/22, at 6 (stating that "the overall amount that is alleged to have been trafficked through that time period was well over a thousand grams"). Moreover, Appellant's ineligibility was discussed extensively at both her plea and sentencing hearings. **See** N.T. Plea, 10/5/22, at 4, 11-13; N.T. Sentencing, 12/1/22, at 4-7. Accordingly, any claim challenging the court's RRRI determination would be frivolous.

Finally, we consider Appellant's time credit claims, which are governed by 42 Pa.C.S. § 9760, as follows:

> After reviewing the information submitted under [§] 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result

of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

The trial court awarded 580 days of credit for time spent incarcerated on this case prior to sentencing. *See* N.T. Sentencing, 12/1/22, at 7-8. We glean nothing from the record that would contradict this calculation. At the time of her sentencing hearing, Appellant sought what has been colloquially termed "COVID time." Specifically, plea counsel advised the court that Appellant had "asked [him] to request – respectfully request additional time because of the amount of lockdown she was subject to during Covid lockdown

. . . [a]nd so, she would ask for an additional 50 percent of the time served[.]" N.T. Sentencing, 12/1/22, at 3. The Commonwealth deemed this request "ridiculous[,]" and the court denied it because no legal authority existed to grant Appellant additional credit for COVID lockdowns. *Id*. at 6-7. In the *Anders* brief, Attorney Levine admitted that he was "unfamiliar with this concept and, despite diligently seeking out prison authorities and conducting his own research, he could find no support for Appellant's novel request. *Anders* brief at 26-27. Upon review, we have reached the same conclusion, *i.e.*, no legal authority exists to support time-and-a-half credit for days spent in lockdown because of COVID-19 exposures at the jail. Therefore, we agree with counsel that the time credit claims are frivolous.

Based on the foregoing and our own independent review of the certified record that revealed no non-frivolous issues, we grant Attorney Levine's petition to withdraw and affirm Appellant's judgment of sentence.

Petition of Benjamin B. Levine, Esquire, to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/30/2024

- 9 -