J-S15014-23

2023 PA Super 118

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JACK RONALD STROUD :
:
Appellant : No. 881 MDA 2022

Appeal from the Judgment of Sentence Entered April 21, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000436-2021

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

OPINION BY BOWES, J.:                    **FILED: JULY 10, 2023**

Jack Ronald Stroud appeals from the judgment of sentence of twelve to twenty-four months of incarceration imposed following his guilty plea to one count of flight to avoid apprehension.  Counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), along with an application to withdraw. For the reasons that follow, we remand for further proceedings.

Given our disposition, a brief history of this case will suffice.  In March of 2022, Appellant entered a negotiated guilty plea to one count of flight to avoid apprehension.  On April 21, 2022, he was sentenced as indicated hereinabove, with that sentence set to run consecutive to any other sentence Appellant was serving.  Although no post-sentence motion appears within the certified record, the trial court entered an order denying a post-sentence motion and advising Appellant that he had thirty days to file a notice of appeal

to this Court.[1]  Appellant filed his notice of appeal on June 10, 2023, rendering this appeal timely.[2]  The trial court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement, but none was filed.  The trial court subsequently issued a statement in lieu of opinion, urging this Court to dismiss the appeal because Appellant did not file a concise statement as ordered.

In this Court, counsel filed a request to withdraw and an **Anders** brief rather than an advocate's brief.  Therein, counsel presents four issues arguably supporting an appeal:

1.  Did the trial court err in determining Appellant's guilty plea was entered into knowingly, intelligently, and voluntarily?

2.  Did the trial court err and abuse its discretion when it imposed a consecutive, harsh and excessive sentence?

_____

[1] The trial court's representation that Appellant had thirty days from the entry of the May 13, 2022 order to file a notice of appeal was accurate only if Appellant filed a timely post-sentence motion.  As noted, none appears on the docket or in the certified record to evince its timely filing.  However, we need not ascertain whether Appellant properly filed his post-sentence motion as, even if he did not, the trial court's representation that he had thirty days from the denial of the motion to appeal constituted a breakdown in court processes that would have precluded us from enforcing an earlier deadline.  **See Commonwealth. v. Patterson**, 940 A.2d 493, 499 (Pa.Super. 2007) (refusing to quash untimely appeal where the trial court advised the appellant that he had thirty days from the denial of his untimely post-sentence motion to file an appeal, rather than advising him that the lateness of the post-sentence motion did not toll the thirty-day window for appealing the judgment of sentence).

[2] Appellant's notice of appeal was not docketed until June 15, 2022, but it was marked as received on June 10, 2022.  Hence, we utilize June 10, 2022, as the filing date. **See** Pa.R.A.P. 905(a)(3) ("Upon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken[.]").

3. Did the trial court err when it failed to state sufficient reasons on the record, beyond Appellant's criminal history, when imposing a sentence in the aggravated range of the sentencing guidelines?

4. Did the trial court err when it ordered Appellant to pay a fine of $500.00 pursuant to 42 Pa.C.S. § 9726 without determining his ability to pay said fine?

*Anders* brief at 8 (cleaned up). Before we consider counsel's filings, we address two preliminary matters. The first is counsel's complete failure to respond to the trial court's order requiring Appellant to file a concise statement pursuant to Pa.R.A.P. 1925. Ordinarily, "the failure to file a Rule 1925(b) Statement would constitute the waiver of all issues" and *per se* ineffectiveness. *Commonwealth v. McBride*, 957 A.2d 752, 755-56 (Pa.Super. 2008) (cleaned up). To remedy this plain error, we would typically remand for counsel to file a concise statement. *See id*. at 756. However, as noted, counsel filed an *Anders* brief and petition seeking leave to withdraw with this Court. Where counsel intends to file an *Anders* brief in a criminal case, "counsel **shall** file of record and serve on the judge a statement of intent to withdraw in lieu of filing a [concise s]tatement." Pa.R.A.P. 1925(c)(4) (emphasis added).[3]

_____

[3] This subsection provides in full as follows:

> If counsel intends to seek to withdraw in a criminal case pursuant to *Anders*/*Santiago* or if counsel intends to seek to withdraw in a post-conviction relief appeal pursuant to *Turner*/*Finley*, counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement. If the appellate court believes there are arguably meritorious issues for review,

*(Footnote Continued Next Page)*

Here, counsel filed neither a Rule 1925(b) statement nor a Rule 1925(c)(4) statement of intent to withdraw. In the face of no filing, the trial court issued a statement in lieu of opinion asking this Court to dismiss the appeal. *See* Statement in Lieu of Opinion, 9/28/22. That was error by the trial court for two reasons. One, the trial court's order directing the filing of the statement was unenforceable because it did not strictly comply with Rule 1925(b).[4] *See Commonwealth v. Jones*, 193 A.3d 957, 961 (Pa.Super. 2018) (declining to find waiver due to the Commonwealth's non-compliance with Rule 1925(b) "because the trial court's Rule 1925(b) order itself [wa]s deficient"). Two, we have explained the proper steps for a trial court to take when counsel fails to comply with a Rule 1925(b) order as follows:

> [T]o avoid unnecessary delay, when a trial court orders the appellant in a criminal case to file a Rule 1925(b) statement and the appellant files it untimely, the trial court's Rule 1925(a)

> those issues will not be waived; instead, the appellate court shall remand for the filing and service of a Statement pursuant to Pa.R.A.P. 1925(b), a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both. Upon remand, the trial court may, but is not required to, replace an appellant's counsel.

Pa.R.A.P. 1925(c)(4).

[4] To wit, the order did not specify the place where Appellant could serve the statement in person or the address to which it could be mailed, and merely informed Appellant that failure to comply with the order "**may** be considered by the appellate court as a waiver of all objections[.]" Order, 7/20/22 (emphasis added). *See* Pa.R.A.P. 1925(b)(3)(iii) (requiring the order to contain "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement"); Pa.R.A.P. 1925(b)(3)(iv) (requiring the order to contain a statement that any issue not raised "**shall** be deemed waived" (emphasis added)).

opinion should note the *per se* ineffectiveness of counsel, appoint new counsel if it deems it necessary, and address the issues raised on appeal. Similarly, where, as here, counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the opinion should note the ineffectiveness of counsel, permit counsel to file a statement *nunc pro tunc* and address the issues raised in a subsequent Rule 1925(a) opinion. The trial court may appoint new counsel if original counsel fails to comply with the order because a failure to comply with the order would prohibit appellate review.

*Commonwealth v. Thompson*, 39 A.3d 335, 341 n.11 (Pa.Super. 2012) (cleaned up). Moreover, the trial court's advocacy for a dismissal based upon *per se* ineffectiveness rather than ensuring it procured the necessary information to author an opinion to assist our review "poses a substantial impediment to meaningful and effective appellate review." *McBride*, *supra* at 758 (cleaned up).

The second preliminary matter we must address is that counsel failed to ensure that the certified record contained all transcripts and filings necessary for us to conduct our review. The following legal principles guide this Court's review of petitions to withdraw and briefs filed pursuant to *Anders* and *Santiago*:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence.  However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa.Super. 2017) (cleaned up).

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Not only is the post-sentence motion absent from the certified record before us in this case, but so is the plea transcript.[5]  When the record is incomplete, we can neither confirm that counsel complied with the duty to conscientiously examine the record, nor conduct our own review to confirm

---

[5] We note that appending these documents to the brief does not make them part of the certified record.  *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa.Super. 2006) ("[U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.").

the frivolity of the appeal. *See e.g.*, *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015).

In sum, without the trial court's opinion, the plea transcript, or the post-sentence motion, we lack a complete record and, as a result, cannot conduct our *Anders* review. *See McBride*, *supra* at 758 (finding that "[t]his Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record" and that "absent the proper filing of any statement of record by counsel, this Court cannot properly consider counsel's request to withdraw" (cleaned up)).

Therefore, we deny counsel's petition to withdraw and remand for the filing of either a Rule 1925(b) concise statement or a Rule 1925(c)(4) statement of intent to withdraw with the trial court within thirty days of the date of this opinion. Additionally, counsel is directed to ensure inclusion within the certified record of the plea transcript and post-sentence motion, along with any other missing documents. Thereafter, the trial court shall author a Rule 1925(a) opinion within thirty days of receipt of the Rule 1925 statement.

Case remanded for proceedings consistent with this opinion. Panel jurisdiction retained.