J-S04002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE LEE FORDHAM | : | |
| | : | |
| Appellant | : | No. 1262 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 3, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002833-2020

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 20, 2024**

Terrance Lee Fordham appeals from the aggregate judgment of sentence of life imprisonment imposed upon his convictions for unlawful contact with a minor, endangering the welfare of children ("EWOC"), indecent assault of a child, and corruption of minors.  We affirm.

Appellant was charged with the above-referenced offenses based upon his sexual abuse of the seven-year-old grandson of his girlfriend in the spring and early summer of 2020.  The Commonwealth put Appellant on notice that he faced a mandatory minimum sentence of life imprisonment as a third-strike offender if he was found guilty, as he had been convicted and sentenced for rape in 1978 and for involuntary deviate sexual intercourse ("IDSI") and aggravated indecent assault of his nephew in 1996.

After a jury convicted Appellant of all charges and a presentence investigation was conducted, the Commonwealth pursued the mandatory minimum at an initial sentencing hearing, offering proof of the prior strikes. After Appellant's counsel indicated that he had no basis to challenge the occurrence of the prior offenses, Appellant filed a petition alleging ineffective assistance of his counsel. Although the court informed Appellant that the mandatory life sentence would apply no matter who was representing him, Appellant nonetheless requested a new attorney. The trial court granted the request, continued sentencing, and appointed new counsel, who represented Appellant when sentencing resumed on January 3, 2023.

At that hearing, the Commonwealth presented evidence of an additional prior conviction in 1981 for indecent assault of a fellow inmate while Appellant was incarcerated on the 1978 conviction. While Appellant's counsel contested whether the new evidence rendered the instant offense his fourth strike, she nonetheless was unable to dispute that the court was constrained to impose the mandatory life sentence. The court proceeded to sentence Appellant to life imprisonment for unlawful contact with a minor, plus concurrent sentences of three to six years each for EWOC and corruption of minors.

Thereafter, current counsel entered an appearance on behalf of Appellant and filed a timely post-sentence motion. The motion asserted that Appellant's life sentence was unlawful because: (1) he was never sentenced to a second strike as such, meaning that he could not legally be sentenced for

a third strike, and (2) the life sentence is unconstitutional cruel and unusual punishment since it is grossly disproportionate to the offense and the normal statutory maximum therefor. The trial court denied the motion without a hearing, and Appellant filed a timely notice of appeal.

The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. On the day it was due, counsel filed a motion for an extension of time, representing that Appellant wished to meet in person to discuss the issues, but that counsel learned the day of the visit that Appellant had been transferred to another correctional facility. In that motion, counsel indicated that if the court was not amenable to granting the extension, the issue for the appeal would be whether the court erred in sentencing him as a third-strike offender. The court entered an order extending the deadline by one week, but counsel filed no further statement. The court then authored a Rule 1925(a) statement opining that Appellant had waived all his appellate issues by not filing a timely statement, and that it was "without a basis to render an opinion." Rule 1925(a) Statement, 8/1/23, at 2.

In this Court, Appellant raises the same claim identified in his motion for an extension of time: "Whether the [trial c]ourt erred in imposing the mandatory third[-]strike sentence of life under 42 Pa.C.S.[ §] 9718.2, where Appellant was never sentenced to a second strike?" Appellant's brief at 4.

Before we address Appellant's issue, we consider whether the trial court is correct that he waived this issue by not filing a timely Rule 1925(b)

statement. For multiple reasons, we conclude that the issue is not waived.

First, Rule 1925(c) provides as follows:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). We have explained the impact of this rule on a trial court's Rule 1925(a) obligations as follows:

> To avoid unnecessary delay, when a trial court orders the appellant in a criminal case to file a Rule 1925(b) statement and the appellant files it untimely, the trial court's Rule 1925(a) opinion should note the *per se* ineffectiveness of counsel, appoint new counsel if it deems it necessary, and address the issues raised on appeal. Similarly, where, as here, counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the opinion should note the ineffectiveness of counsel, permit counsel to file a statement *nunc pro tunc* and address the issues raised in a subsequent Rule 1925(a) opinion. The trial court may appoint new counsel if original counsel fails to comply with the order because a failure to comply with the order would prohibit appellate review.

*Commonwealth v. Stroud*, 298 A.3d 1152, 1157 (Pa.Super. 2023) (cleaned up).

Thus, the trial court should have taken steps to obtain a *nunc pro tunc* statement rather than opining there was waiver and forwarding the matter to this Court. If it had, it would have gleaned the information that Appellant's counsel provided to this Court on appeal, namely that after consulting with

- 4 -

Appellant, the sentencing issue identified in the extension motion was the only one he intended to pursue on appeal. *See* Appellant's brief at 7.

Nonetheless, waiver does not apply here, and no remand is necessary, because the issue Appellant presents in this appeal is one challenging the legality of his sentence. *See Commonwealth v. Gilliam*, 249 A.3d 257, 276 (Pa.Super. 2021) (indicating that a challenge to the applicability of a mandatory recidivist sentence pursuant to § 9718.2 implicates the legality of the sentence). It is well-settled that "[a] challenge that implicates the legality of an appellant's sentence . . . is an exception to this issue preservation requirement." *Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022) (cleaned up). "Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may even raise and address such an issue *sua sponte*." *Id*. (cleaned up).

Accordingly, rather than remanding for the trial court to address Appellant's sentencing challenge, we proceed to a *de novo* review of the issue. *See*, *e.g.*, *Gilliam*, 249 A.3d at 276 ("When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." (cleaned up)). Appellant contests the trial court's imposition of the mandatory third strike sentence pursuant to § 9718.2. In relevant part, that provision states as follows:

> **(a) Mandatory sentence.--**
>
> . . . .
>
> (2) Where the person had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in [§] 9799.14 or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction, the person shall be sentenced to a term of life imprisonment, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.

42 Pa.C.S. § 9718.2(a).

In turn, § 9799.14 establishes a tier schedule for sexual offenders and lists the offenses that mandate registration for those who have been so convicted. We note that Appellant's 1978 conviction for rape, 1996 conviction for IDSI, and underlying conviction for unlawful contact with minor are all crimes listed in § 9799.14. **See** 42 Pa.C.S. § 979914(c)(5) (unlawful contact with minor), (d)(2) (rape), and (d)(4) (IDSI). Accordingly, there is no dispute that these convictions fall within the purview of the three-strikes law.

However, Appellant advances two primary arguments as to why his mandatory recidivist sentence is nevertheless improper. First, he claims that he could not be sentenced as a third-strike offender since he never received a sentence as a second-strike offender. **See** Appellant's brief at 9 (citing **Commonwealth v. Armstrong**, 107 A.3d 735 (Pa. 2014)). Second, and relatedly, Appellant avers that because § 9718.2 did not become effective until January 1, 2007, his 1978 and 1996 convictions could not be counted against

him. *Id*. at 8. Accordingly, he requests that that we remand and order the trial court to sentence him to a mandatory minimum of twenty-five years instead of a life sentence. *Id*. at 11.

On review, we cannot agree with Appellant that his sentence is illegal. Initially, Appellant cites no authority for the proposition that a person may only be sentenced as a second or third-strike offender if the predicate offenses occurred after the effective date of § 9718.2. On the contrary, we have previously affirmed mandatory minimum sentences imposed pursuant to this provision in situations, like Appellant's, where there were convictions pre-dating 2007. *See*, *e.g.*, *Commonwealth v. Reid*, 309 A.3d 1036, 2023 WL 7409363, at *8 (Pa.Super. 2023) (non-precedential decision) (rejecting a challenge that a 1996 conviction from New York could not apply to this statute); *Gilliam*, 249 A.3d at 277 (holding that a 1997 New York conviction for sexual abuse was a qualifying prior offense for § 9718.2(a)(1)); *Commonwealth v. Baker*, 24 A.3d 1006, 1026-29 (Pa.Super. 2011) (rejecting the appellant's constitutional challenge to § 9718.2 when he was sentenced as a second-strike offender based on a previous conviction occurring in 2001).

Further, we find that Appellant's sentence in this matter is consistent with the recidivism goal of the statute explained by our Supreme Court in *Commonwealth v. Shiffler*, 879 A.2d 185 (Pa. 2005). In that case, the Court examined an identically-structured mandatory sentencing statute for repeat violent offenders. The Court concluded that the point of such recidivist

statutes was "is to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline." *Id*. at 195 (cleaned up). Thus, the statute allowed "for heightened punishment for repeat offenders only where their convictions for crimes of violence, and corresponding terms of incarceration, [we]re sequential and each [wa]s separated by an intervening opportunity to reform." *Id*. at 186.

In **Commonwealth v. Helsel**, 53 A.3d 906 (Pa.Super. 2012), this Court held that **Shiffler** applies to the three-strikes provision at issue in the case *sub judice*, holding that the defendant could not be sentenced to a third strike under § 9718.2 when his two prior convictions were sentenced concurrently and he "had no time away from prison between the sentences for the first and second offense." **Id**. at 917. **See also Armstrong**, 74 A.3d at 242 (holding the defendant could not be sentenced as a second-strike offender where the second crime was committed between the commission of first and his first-strike sentence therefor).

Here, Appellant's previous sentences were not run concurrently, and it is undisputed that he had time away from prison and its intended rehabilitative effects after serving each sentence. Appellant thus, unlike the defendants in **Shiffler**, **Helsel**, and **Armstrong**, had the full opportunity to reform himself and subsequently conform his conduct to the law. Instead, he opted to re-offend with the sequential commission of the crimes at issue. Appellant is exactly the type of incorrigible offender our legislature has determined must be sentenced to life imprisonment in order to protect the community.

Therefore, Appellant's mandatory lifetime recidivist sentence is lawful, and we have no cause to disturb it.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024