J-S29001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ADOPTION OF R.V.G.,A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.G., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 272 WDA 2024 |

Appeal from the Order Entered February 1, 2024
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  No. 32-23-0246

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:　　　　　　**FILED: October 21, 2024**

Appellant, C.G., appeals from the February 1, 2024 order entered in the Indiana County Court of Common Pleas that terminated his parental rights to eleven-year-old R.V.G.  Counsel has filed an **Anders**[1] brief and petition to withdraw as counsel.  Because the certified record is lacking necessary transcripts, we deny counsel's petition to withdraw and remand for further proceedings.

It is well settled that "[c]ounsel who wishes to withdraw [pursuant to **Anders**] must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous."  **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).  "The substance of the **Anders** brief must (1) provide a

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Id.* at 1196 (citation and internal quotation marks omitted). "If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf)." *Commonwealth v. Stroud*, 298 A.3d 1152, 1157 (Pa. Super. 2023) (citation omitted). "By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Id.* (citation omitted).

Instantly, counsel failed to ensure that the certified record contained all transcripts necessary for this Court to conduct appellate review. *See* Pa.R.A.P. 1911. "When the record is incomplete, we can neither confirm that counsel complied with the duty to conscientiously examine the record, nor conduct our own review to confirm the frivolity of the appeal." *Stroud*, 298 A.3d at 1158. Without transcripts of the hearings that precipitated the court's February 1, 2024 order on appeal, we lack a complete record and cannot conduct our *Anders* review.

Therefore, we deny counsel's petition to withdraw and order the following: (1) the Superior Court prothonotary shall vacate the briefing schedule and the parties' briefs; (2) the court reporter shall transcribe the

notes of testimony from the relevant Orphans' Court proceedings within 30 days, including but not limited to the hearings occurring on September 28, 2023 and January 29, 2024; (3) the trial court shall thereafter author a supplemental Pa.R.A.P. 1925(a) opinion within 30 days of the completion of the transcripts and include that supplemental Rule 1925(a) opinion in a supplemental certified record; (4) the Superior Court prothonotary shall implement a new, expedited, briefing schedule upon receipt of the supplemental Rule 1925(a) opinion; and (5) after review of the transcripts, counsel for Appellant is directed to either comply with **Anders** or file an advocate's brief.

Petition to withdraw denied. Case remanded for proceedings consistent with this judgment order. Panel jurisdiction retained.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/21/2024