J-S06011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :                  PENNSYLVANIA
                                                  :

              v.                             :

JAMES ARLOTTA                           :

             Appellant                  :       No. 1010 WDA 2024

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005539-2023

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :                  PENNSYLVANIA
                                                  :

              v.                             :

JAMES ARLOTTA                           :

             Appellant                  :       No. 1011 WDA 2024

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005540-2023

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: February 21, 2025**

James Arlotta appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County after pleading guilty to various offenses. Arlotta's counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978

A.2d 349 (Pa. 2009). We deny counsel's petition to withdraw and remand with special instructions.

Arlotta was charged at two separate dockets in relation to incidents that occurred on May 3, 2024 and May 4, 2024. At CP-02-CR-0005539-2023, Arlotta was charged with aggravated assault, robbery, burglary, conspiracy, and persons not to possess a firearm.[1] At CP-02-CR-0005540-2023, Arlotta was charged with aggravated assault, robbery, conspiracy, burglary, aggravated assault with a deadly weapon, carrying a firearm without a license, and persons not to possess a firearm.[2]

On April 16, 2024, Arlotta pled guilty to 6 counts at CP-02-CR-0005539-2023 and 11 counts at CP-02-CR-0005540-2023. The trial court postponed sentencing pending a pre-sentence investigation report. On July 10, 2024, the trial court sentenced Arlotta to an aggregate sentence of 20 to 40 years' incarceration.

On July 25, 2024, the trial court denied Arlotta's timely filed post-sentence motions to vacate and modify his judgment of sentence. Arlotta filed notices of appeal and court-ordered statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 14, 2024 and September 12,

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(i), 3702(a), 3502(a)(1)(i), 903, 6105(a)(1).

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(i), 3701(a)(1)(iv), 903, 3502(a)(1)(i), 2702(a)(4), 6106(a)(1), 6105(a)(1).

2024, respectively. In response, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a), in which it concludes Arlotta's challenges to the discretionary aspects of his sentence are without merit. *See* Trial Court Opinion, 12/2/24, at 10-11. On December 16, 2024, Arlotta's counsel filed a petition to withdraw from representation and an *Anders* brief.

Before reaching the merits of Arlotta's appeal, we must first determine whether counsel's request satisfies the procedural requirements for withdrawing from representation. *See Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa. Super. 2020) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted).

The following principles govern our review of a request to withdraw from representation pursuant to *Anders* and *Santiago*:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issue necessary for the effective appellate presentation thereof.

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel to either comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's

petition and brief satisfy *Anders*, we will then undertake our own review to determine whether it is wholly frivolous.

If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Stroud*, 298 A.3d 1152, 1157 (Pa. Super. 2023) (citation omitted). Additionally, to ensure the appellant has been adequately notified of counsel's request, counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights" to proceed with the appeal. *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

The contents of counsel's *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel has not satisfied the technical requirements of *Anders*. Although counsel's *Millisock* letter advises Arlotta of his rights to obtain new counsel or proceed *pro se*, it makes no mention of Arlotta's right to raise other issues worthy of our attention. Additionally, the certificates of service attached to the petition to withdraw and *Anders* brief only indicate counsel served the documents on the District Attorney's Office. *See* Application to Withdraw as Counsel, 12/16/24, at 3; *see Anders* Brief, 12/16/24, at 26. Therefore, it is

unclear whether counsel served the documents on Arlotta because Arlotta has not filed with this Court any subsequent correspondence pertaining to his appeal.

Accordingly, because counsel's request to withdraw from representation is procedurally deficient, we are constrained to deny his petition at this time. *See Stroud*, 298 A.3d at 1157. We direct that, within 15 days of the date of this memorandum, counsel shall file (1) an amended petition to withdraw containing a *Millisock* letter adequately explaining Arlotta's appellate rights; and (2) proofs of service indicating that counsel served the *Anders* brief and amended petition to withdraw on Arlotta. Arlotta may file a response to counsel's petition and *Anders* brief in this Court within 30 days of the date of service of the documents. The Commonwealth will be permitted 30 days to respond to any reply filed by Arlotta or to notify this Court that no response will be forthcoming.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.