J-S26038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
            v.                   :
                                    :
                                    :
MICHAEL J. MEENAN           :
                                    :
          Appellant         :       No. 1444 MDA 2024

Appeal from the Judgment of Sentence Entered September 18, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-SA-0000017-2024

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:          **FILED: AUGUST 14, 2025**

Michael J. Meenan ("Meenan") appeals pro se from the judgment of sentence imposed by the Cumberland County Court of Common Pleas ("trial court") following his conviction of disorderly conduct.[1] Because we find Meenan's brief significantly fails to conform to the Pennsylvania Rules of Appellate Procedure, we quash his appeal.

On November 14, 2023, the Carlisle Regional Fire Police positioned Officer Stephen Wilson at the intersection of Ritner Highway (U.S. Route 11) and Barnstable Road in Cumberland County to direct inbound highway traffic to turn on Barnstable Road and away from an accident further along the highway. Police set up a barricade with cones and flashing lights in advance

---

[1] 18 Pa.C.S. § 5503(a)(1).

of the intersection barricade prior to Officer Wilson's arrival. After approximately ten minutes on the scene, Officer Wilson observed a Jeep failing to decelerate in anticipation of the barrier and had to flee to the grassy area on the roadside to avoid being struck by the approaching vehicle.

Officer Wilson watched the Jeep brake and skid to avoid the barrier before the vehicle slid to a stop in the center of the outbound lane reserved for emergency vehicles. He approached the Jeep to take a picture of the vehicle's license plate, at which point the Jeep drove away from the officer and onto the grassy roadside, approximately ten yards away from the barrier. The driver of the Jeep, later identified as Meenan, exited the vehicle in an irate manner and approached Officer Wilson in the middle of the road. Meenan directed profanity at Officer Wilson, in addition to commentary about the officer's competency and ability to direct traffic. Officer Wilson responded that he needed to take a picture of his license plate to report the incident to the supervising police officer. As Officer Wilson attempted to placate the enraged Meenan to no avail, Meenan struck him in his chest. Officer Wilson used his field radio to alert his partner on duty that there was an irate driver and that Pennsylvania State Police are needed on the scene. Officer Wilson's partner provided the police with a video of the incident taken from his vehicle dashboard camera, which the police used to identify both Meenan and his Jeep.

The Commonwealth charged Meenan with the summary offense of disorderly conduct by way of citation. Following a hearing on January 29, 2024, the magisterial district court found Meenan guilty of the offense and imposed a penalty of fifty dollars plus the costs of prosecution.

Meenan filed a summary appeal to the trial court. On September 18, 2024, the Commonwealth presented testimony from Officer Wilson and the dashcam video recording of the incident. Officer Wilson testified that Meenan failed to abide by traffic instructions, behaved erratically, and struck him in the chest, all of which was corroborated by the presented video footage. Meenan testified on his own behalf, stating that the sun blinded him, rendering him unable to see both the warning signs in advance of the barrier and the barrier itself. He further indicated he did not remember putting his hands on the officer, but that he was "fired up."

The trial court found Meenan guilty of the summary offense as charged and imposed the same sentence. On October 7, 2024, Meena filed a timely notice of appeal to this Court.

Prior to attempting to discern the merits of Meenan's appeal, we address the Commonwealth's request in its brief for this Court to quash this appeal based on the litany of defects in Meenan's brief. *See* Commonwealth's Brief at 7-10.

Our Rules of Appellate Procedure "set forth the fundamental requirements every appellate brief must meet". **Commonwealth v. Briggs**, 12 A.3d 291, 343 (Pa. 2011). As our Supreme Court has explained, the

> briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

**Id.**

Pennsylvania Rule of Appellate Procedure 2101 provides:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. Thus, "[t]his Court possesses discretionary authority to quash, dismiss, or deny allowance of appeal based upon the substantial defects of [an] appellant's brief." **Commonwealth v. Maris**, 629 A.2d 1014, 1017 (Pa. Super. 1993) (citing Pa.R.A.P. 2101). While we will "liberally construe materials filed by a pro se litigant," we may not give a pro se litigant special treatment simply "because he lacks legal training." **Commonwealth v. Wright**, 314 A.3d 515, 523 (Pa. Super. 2024) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.

Super. 2005). This Court will not act as counsel and will not "develop arguments for an appellant." ***Wright***, 314 A.3d at 523.

Our Rules of Appellate Procedure require an appellate brief to contain the following relevant information "separately and distinctly entitled and in the following order":

> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
>                         *    *    *
>
> (8) Argument for appellant.
>
> (9) A short conclusion stating the precise relief sought.
>
> (10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
>
> (11) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a).

There is no question Meenan failed to conform to our rules; his brief contains none of the foregoing sections. It consists of a one-page handwritten statement, without subheadings. He fails to address the crime for which he

- 5 -

was convicted, raise any issue on appeal, or include an argument with citations to case law. Instead, he details health concerns he has been experiencing, stating that he is "the last person to start a fight" and that the trial court misinterpreted the evidence presented. ***See, e.g.,*** Meenan's Brief ("Now with three herniated vertebrae in my neck and now warned to stay away from contact sports and auto accidents (rear-ends in particular)"); ***id.*** ("My spine and most of the vertebrae's either moderate or severe. I could not walk"); ***id.*** ("My heart has a flap that will not close").[2]

The nature of Meenan's brief renders it impossible for this Court to perform meaningful appellate review. Accordingly, because the defects in Meenan's brief are numerous and substantial, and they preclude us from

_____

[2] In his response to this Court electing to submit the matter on briefs for appellate review, Meenan included an additional three pages of typewritten text with his version of the events in question and further detailing his health concerns, appending thereto radiology reports, ostensibly in support of his claim that he could not have struck the officer. ***See*** Appellant's Reply (Submission), 4/28/2025. None of what he submitted, however, rectifies his briefing defects—to the contrary, these submissions constitute additional violations of our Rules of Appellate Procedure. ***See*** Pa.R.A.P. 2501(a) ("After … the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application[.]"); ***Commonwealth v. Stroud***, 298 A.3d 1152, 1158 n.5 (Pa. Super. 2023) ("[U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.") (citation omitted). Nonetheless, we have reviewed both the notes of testimony from the summary appeal and the footage of Meenan's interaction with police. While we are sympathetic to his health concerns, the record fully supports the trial court's factual findings.

conducting meaningful appellate review, we are constrained to quash the appeal. *See Commonwealth v. Freeland*, 106 A.3d 768, 776-77 (Pa. Super. 2014) ("This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.") (citation omitted).[3]

_____

[3] Following the completion of briefing in this matter, Meenan submitted a filing indicating that his hearing impairment was not accommodated by the trial court. Pro Se Filing, 6/2/2025. He does not include any request for relief. *See id.* Assuming he is requesting a new trial with an accommodation for his hearing impairment, this issue was neither raised before the trial court nor in his Rule 1925(b) statement and is therefore waived. Pa.R.A.P. 302(a), 1925(b)(4)(vii); *see also Commonwealth v. Armolt*, 294 A.3d 364, 376 (Pa. 2023) (indicating that waiver rules apply to issues of a constitutional dimension).

Regardless of waiver, it is also meritless. The record reflects that Meenan raised the issue of his hearing impairment at the first scheduling of his hearing, and the judge at that time continued the matter to another courtroom with "better acoustics" and for "Court Administration … to check with AOPC and with the parties to see whether any further accommodations can be made for [Meenan]'s hearing," and to provide any such accommodations. Trial Court Order, 7/11/2024. The second hearing began with the trial court recognizing Meenan's hearing impairment, and learning that Meenan required the speakers to "speak slowly," in a "more authoritative manner," and was "very good at lip reading." N.T., 9/18/2024, at 3. The trial court made several inquiries at the beginning of testimony to ensure Meenan could understand what was being said, and instructed both the witness and the prosecutor to "stare right at him, and talk slowly." *Id.* at 4; *see also id.* at 7. Once these accommodations were in place, Meenan never indicated that he had trouble understanding what was being said; to the contrary, the record reflects that he attempted to answer the prosecutor's questions posed to Officer Wilson before Officer Wilson had the chance to respond and commented on things with which he disagreed that Officer Wilson said. *See, e.g., id.* at 6-8. Thus, even if not waived, no relief is due.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/14/2025