J-S28004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHAKERA HALE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRE HALE | : | |
| | : | |
| Appellant | : | No. 54 MDA 2025 |

Appeal from the Order Entered November 18, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2024-FC-002304-12

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: SEPTEMBER 3, 2025**

Tyre Hale ("Appellant") appeals *pro se* from the November 18, 2024 protection from abuse ("PFA") order that afforded protection to Shakera Hale for a period of three years.  We affirm.

Ms. Hale filed a petition seeking a temporary PFA order on behalf of herself, as well as the three minor children she shared with Appellant, on November 4, 2024.  The trial court granted the petition on the same day.  The matter proceeded to a hearing on November 18, 2024, wherein Ms. Hale represented herself and Appellant retained counsel.  The certified record does not include a transcript of that proceeding; however, the record bears out that the trial court entered the final order in dispute, protecting only Ms. Hale, at the conclusion of the hearing.  The order indicated that it was "entered by agreement without an admission."  Final PFA Order, 11/18/2024, at unnumbered 2.  It further noted that a copy was provided to Appellant in open

court. The prothonotary's office entered the order on the docket at 9:43 a.m. that morning, denoting as follows: "PFA FINAL ORDER BY AGREEMENT / EXP 11/18/27 / COSTS DUE 90 DAYS / BY THE CT HARRY M NESS, J W/ 236."

Appellant *pro se* filed this appeal on December 20, 2024, thirty-two days later. The trial court entered an order directing Appellant to file a statement of errors pursuant to Pa.R.A.P. 1925. The order did not include the location for service of the statement on the trial judge in person or by mail, in contravention to Rule 1925(b)(3)(iii). To date, Appellant has not submitted any statement. The trial court thereafter authored an opinion concluding that the appeal is untimely, Appellant waived all claims on appeal, and that in any event, he would not be entitled to relief because he consented to entry of the final PFA order.[1]

Appellant's brief to this Court appears to have been derived from a form document aimed at assisting self-represented litigants and, thus, does not list specific questions to be reviewed on appeal. The brief instead states the following unanswered prompts:

**III. Statement of the Questions Involved:**

1. What is the exact issue you are appealing?

2. Why do you believe the trial court made a mistake?

---

[1] This Court issued a rule for Appellant to show cause why his appeal should not be quashed in light of the agreement reached below. Appellant responded that if there was an agreement, it was not made knowingly or voluntarily, and that he was unaware that any consent would cause him to forfeit his appellate rights. **See generally** Appellant's response, 1/31/25. We therefore discharged the rule for the matter to be addressed herein.

3. Any important facts or testimony from the trial that support your argument?

4. What are you asking the Superior Court to do?

Appellant's brief at unnumbered 1. As will be discussed in more detail below, the thrust of Appellant's argument on appeal is that the trial court erroneously entered the final PFA order insofar as it did so without either hearing sufficient evidence or allowing Appellant to present testimony.

Preliminarily, we must address the timeliness of the appeal, which Appellant does not discuss in his brief. *See* Pa.R.A.P. 903(a) (directing that a notice of appeal "shall be filed within [thirty] days after the entry of the order from which the appeal is taken"); *see also Affordable Outdoor, LLC v. Tri-Outdoor, Inc.*, 210 A.3d 270, 273 (Pa.Super. 2019) ("It is well-established that timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case." (cleaned up)). This Court may raise this issue *sua sponte*. *Id*. at 274 n.5. We have also recounted that "[b]ecause this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace." *Commonwealth v. Gaines*, 127 A.3d 15, 17 (Pa.Super. 2015) (*en banc*) (citation omitted).

It is undisputed that Appellant filed this appeal more than thirty days after entry of the final PFA order, and that he received that order in open court the day it was entered. However, pursuant to Pa.R.Civ.P. 236, upon entry of a final judgment, "[t]he prothonotary shall note in the docket the giving of the notice[.]" Pa.R.Civ.P. 236(b). This Court in *Smithson v. Columbia Gas of*

***PA/NiSource***, 264 A.3d 755 (Pa.Super. 2021), interpreted Rule 236 as requiring that the notation made by the Prothonotary provide this Court with "certainty and confidence" that proper notice was provided. ***Id***. at 760 (concluding that the statement "SENT TO R & B. SMITHSON, N. PARKER ESQ & A. EBECK ESQ." was insufficient because it did not include the date notice was given, even if a court could infer such information). The failure to comply with Rule 236 constitutes a "breakdown in court operations" that causes the appeal period not to run, regardless of whether the appellant actually received notice of the order. ***Id***.

Here, the entry from the prothonotary simply used the shorthand "W/ 236." It did not clearly indicate the date that notice was provided or to whom. This is substantially less detailed than the notation rejected by this Court in ***Smithson***. Therefore, pursuant to that case, Rule 236 has not been satisfied. Instead of being untimely, this appeal was filed prematurely. ***See Smithson***, 264 A.3d at 760.

However, rather than quash the appeal, we exercise our discretion to treat as done that which ought to have been done and proceed to the next step of our review. ***See***, ***e.g.***, ***Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa.Super. 2015) (opting to treat notices of appeal as timely filed although the appeal period had not started running because the clerk of courts did not note service on the docket).

In a similar vein, we reject the trial court's contention that the appeal should be quashed due to Appellant's failure to file a Rule 1925(b) statement.

As noted, the trial court's order did not include the location for service of the statement on the trial judge in person or by mail. Accordingly, we will not punish a litigant for failing to comply with an order that is itself noncompliant with the appellate rules. *See*, *e.g.*, *Commonwealth v. Stroud*, 298 A.3d 1152, 1156-57 (Pa.Super. 2023) (finding that "the trial court's order directing the filing of the statement was unenforceable because it did not strictly comply with Rule 1925(b)").

Turning to the substance of Appellant's arguments, he contends that Ms. Hale did not satisfy her burden of proving entitlement to protection under the PFA. *See* Appellant's brief at unnumbered 2. With no citation to the record, he baldly asserts that he indicated to the trial court that he did not desire to enter into any agreement for the order in question. *Id*. On the contrary, he maintains that the court ruled against him based upon its perception that Appellant made a disrespectful head gesture during the hearing. *Id*. Appellant provides only a single legal citation in the entire brief, standing for the proposition that due process requires that he have the opportunity to be meaningfully heard. *Id*. at unnumbered 2-3 (citing *Hood-O'Hara v. Wills*, 873 A.2d 757 (Pa.Super. 2005)). As discussed, there are no transcripts included within the certified record or indicators that Appellant ever requested the same.[2]

---

[2] Ms. Hale did not file a brief in this matter.

With respect to Appellant's sufficiency claim, "[o]ur standard of review for PFA orders is well settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." **E.K. v. J.R.A.**, 237 A.3d 509, 519 (Pa.Super. 2020) (cleaned up). To the extent Appellant contends that he was not permitted to participate in the hearing, "whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." **S.T. v. R.W.**, 192 A.3d 1155, 1160 (Pa.Super. 2018) (citation omitted).

Upon review, we are not persuaded that the trial court committed any error. To begin, Appellant did not take any steps to ensure that the transcripts from the proceedings were included within the record. Therefore, any issue necessitating the need for that information must be deemed waived. **See** Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration"); **see also In re Estate of Renninger**, 317 A.3d 632, 2024 WL 1326687 at *5 (Pa.Super. 2024) (non-precedential decision) ("When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." (cleaned up)).

Even if the claims were not waived, Appellant simply has not met his burden of demonstrating error. The final PFA order, as well as the

- 6 -

corresponding docket entry, indicated that the order was entered into with consent by the parties and no admission of guilt. Insofar as Appellant asserts that this is inaccurate, he directs us to no part of the record supporting his statements. He does not explain whether testimony or evidence was entered at the hearing or what misrepresentations, if any, were provided by his counsel in order to purportedly induce him to consent to the final PFA order. We will not develop arguments on Appellant's behalf. *See*, *e.g.*, ***Norman for Estate of Shearlds v. Temple University Health System***, 208 A.3d 1115, 1118-19 (Pa.Super. 2019) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." (cleaned up)).

In sum, Appellant has presented nothing with which to conclude that the trial court erred in entering the final PFA order in this matter.

Order affirmed.
Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/03/2025

- 7 -