J-S10033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY AUGUST | : | |
| | : | |
| Appellant | : | No. 670 MDA 2024 |

Appeal from the PCRA Order Entered March 12, 2024
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001302-2021

BEFORE: BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: SEPTEMBER 23, 2025**

Timothy August ("August") appeals *pro se* from the order dismissing his timely first petition seeking relief under the Post Conviction Relief Act ("PCRA").[1] August has also filed an application for relief to proceed *nunc pro tunc*. We quash this appeal due to breakdowns in the docket and deficiencies in the record.

We briefly summarize the procedures of this matter. In October 2021, August entered into a negotiated agreement to plead guilty to a first-degree felony count of receiving stolen property ("RSP"), with a twelve-month deferral of sentencing to allow him to pay $1,000 each month toward restitution. Pursuant to the agreement, if August made these payments, the grading of the offense would be reduced to a first-degree misdemeanor; if he failed to make the payments, the matter would proceed to sentencing. August

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

made only one of the monthly payments. The Commonwealth filed a motion to proceed to sentencing. Following August's return to Lackawanna County in June 2023,[2] the trial court sentenced him to thirty-three to 120 months of imprisonment. August did not appeal the judgment of sentence.

August filed a timely *pro se* PCRA petition. The PCRA court appointed counsel ("PCRA counsel") who apparently filed a no-merit letter, as well as a petition to withdraw from representation.[3] On February 28, 2024, the PCRA court granted PCRA counsel leave to withdraw and issued a Pa.R.Crim.P. 907 notice of intent to dismiss. August filed a *pro se* objection to the Rule 907 notice, which the clerk of the court stamped as received on March 12, 2024. That same day, the PCRA court issued an order dismissing August's PCRA petition.[4] The record contains a *pro se* notice of appeal, which the clerk of the

---

[2] August had apparently been in California, where he had separate criminal matters, around the time of his plea, and he waived his right to enter his plea in open court. Additionally, it appears August was in California before sentencing in this case but was present for the sentencing hearing.

[3] *See **Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The record contains PCRA counsel's petition to withdraw but does not contain a copy of the no-merit letter.

[4] This Court has stated that the notice requirements before the dismissal of a PCRA petition, which, *inter alia*, afford a petitioner twenty days to object to the intent to dismiss, are "mandatory." ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000); ***See also*** Pa.R.Crim.P. 907(1). However, defects in the Rule 907 procedures are waivable issues. ***See Guthrie***, 749 A.2d at 503. Here, August does not contend the PCRA court's dismissal of his petition twelve days after issuing a Rule 907 notice was premature.

court stamped as received on May 9, 2024. August timely responded to the PCRA court's order for a Pa.R.A.P. 1925(b) statement, and the PCRA court filed a Rule 1925(a) opinion.

Before addressing August's arguments, we consider the PCRA court's, and Commonwealth's, assertions that August's untimely notice of appeal requires quashing of this appeal. *See Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (noting that the timeliness of an appeal implicates jurisdiction). Here, the PCRA court dismissed August's petition on March 12, 2024, and the court received his notice of appeal on May 9, 2024, which renders this appeal facially untimely. *See* Pa.R.A.P. 903(a) (establishing the general rule that an appeal must be filed with thirty days of entry of order from which the appeal is taken). However, while the PCRA court issued the order dismissing August's petition in March 2024, the docket does not reflect service on August, who, at that time, was unrepresented. This Court has held that the time for taking an appeal under Rule 903(a) does not run against an unrepresented party where the docket does not reflect service of the order being appealed. *See Commonwealth v. Midgley*, 289 A.3d 1111, 1116-17 (Pa. Super. 2023) (discussing the service and docketing provisions of Pa.R.Crim.P. 114 as they relate to Pa.R.A.P. 108 governing the date of the entry of an order for the purpose of appeal). Accordingly, we

decline to quash this appeal based on the facial untimeliness of August's notice of appeal. *See id*.[5]

As an additional preliminary matter, we are constrained to note that **none** of the relevant notices and orders entered by the PCRA court after PCRA counsel's withdrawal were docketed as being served on August. This includes the PCRA court's Rule 907 notice, as well as the court's order for a Rule 1925(b) statement.[6]

Facing similar circumstances, this Court determined no appealable order had been entered, quashed the appeal as premature, and directed the clerk of the court to serve a petitioner with the Rule 907 notice and enter appropriate notations on the docket. *See Commonwealth v. Antill*, 328 A.3d 499, 2024 WL 4182581 (Pa. Super. 2024) (unpublished mem. decision at *2); *see also* Pa.R.A.P. 126(b). Additionally, this Court afforded the petitioner twenty days to respond after the appropriate docketing of service of the new Rule 907 notice. *See id*.

---

[5] Because we conclude there was a breakdown in the docketing requirements for the order dismissing August's PCRA petition, we dismiss as moot August's application for relief to proceed *nunc pro tunc*.

[6] We add that the PCRA court's order for a Rule 1925(b) statement did not strictly comply with the content requirements for such an order. *See* Pa.R.A.P. 1925(b)(3); *Commonwealth v. Stroud*, 298 A.3d 1152, 1156 (Pa. Super. 2023).

Here, as in **Antill**, the docket does not contain notations of service on August of the Rule 907 notice and the order dismissing his PCRA petition. Following our review, we find the reasoning in **Antill** persuasive and believe a similar mandate is appropriate in the present matter. Accordingly, we quash this appeal as premature, direct the clerk of the court to serve the petitioner with the Rule 907 notice with notations on the docket, after which the PCRA court shall permit August twenty days to respond before deciding this matter.[7]

---

[7] We further note that meaningful appellate review here would have been frustrated by the absence of a complete record. August's *pro se* PCRA petition raised claims concerning (1) his plea counsel's ineffective assistance; (2) an illegal sentence based on an improper grading of the offense; (3) violations of the Interstate Agreement on Detainers and Pa.R.Crim.P. 600; (4) a miscalculation of his prior record score based on a California conviction; and (5) a request for credit for time served while awaiting extradition from California to Pennsylvania. **See** PCRA Pet., 10/31/23, at 3 (front & back), 4, & Attachment. The PCRA court's Rule 907 notice adopted PCRA counsel's no-merit letter, but a copy of the no-merit letter is not included in the record. The order dismissing August's PCRA petition did not acknowledge August's response to the PCRA court's Rule 907 notice, and the PCRA court's Rule 1925(a) opinion focused its discussion on whether August knowingly and voluntarily accepted the terms of the plea agreement and entered a guilty plea to RSP graded as a first-degree felony. **See** PCRA Ct. Op., 6/18/24, at 2-3.

Thus, for example, the record does not evince the PCRA court's consideration of August's claim that he was entitled to sentencing credit. While August did not expressly raise a sentencing credit claim in his Rule 1925(b) statement, August had raised an issue concerning sentencing credits in his *pro se* PCRA petition and his response to the Rule 907 notice. Aside from the issue of enforcing an order for Rule 1925(b) statement that does not comply with Rule 1925(b)(3), **see Stroud**, 298 A.3d at 1156, a claim regarding sentencing credit goes to the legality of sentence, and is a non-waivable issue. **See Commonwealth v. Davis**, 852 A.2d 392, 399 (Pa. Super. 2004). The record

*(Footnote Continued Next Page)*

Appeal quashed as premature. Application for relief dismissed as moot.

Judge Olson joins this decision.

Judge Bowes concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/23/2025

---

here contains only sparse references to the time August spent in custody before sentencing, and this Court does not have the benefit of any findings of fact or conclusions of law by the PCRA court on this issue. To the extent that a further appeal is necessary, we remind the parties that the record must be complete and the PCRA court to address all pertinent issues as to permit this Court to review whether its findings are supported by the record and its conclusions of law are appropriate.