**ON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY MICHAEL BARKER | : | |
| | : | |
| Appellant | : | No. 1690 MDA 2024 |

Appeal from the Judgment of Sentence Entered November 15, 2024
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0004105-2023

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: APRIL 24, 2025**

Timothy Michael Barker appeals from the judgment of sentence imposed after a jury convicted him of rape of a child, statutory sexual assault, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, corruption of minors, and endangering welfare of children.[1] Barker's counsel seeks to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

We glean the following facts from the certified record. Barker sexually abused his minor niece ("Victim") for approximately 4 years. The encounters

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3122.1(b), 3123(a)(7), 3125(a)(7), 3126(a)(7), 6301(a)(1)(ii), 4304(a)(1).

escalated from various forms of sexual touching to digital penetration, penetration with a foreign object, and ultimately, rape. On August 18, 2023, Barker was charged by criminal information at docket CP-36-CR-0004105-2023. Barker proceeded *pro se*, with standby counsel, at the jury trial held from May 13 to May 14, 2024.

At trial, Victim testified that Barker began sexually abusing her when she was 9 years old. ***See*** N.T. Jury Trial, 5/13/24, at 111. Victim described the initial abusive acts, which occurred on 2 or 3 occasions, as Barker checking on her body to make sure she was "growing up" and touching her both over and under her clothing. ***Id.*** at 110-11. Victim testified that at the time, she "wasn't really sure what was happening because [she] was so young and didn't know what was right or wrong." ***Id.*** at 111. Victim also indicated she "was never supposed to say anything" about the encounters because doing so "would not have been good for [her] family." ***Id.*** at 112.

On approximately 10 separate occasions, beginning when Victim was 10 years old, Barker was able to open the locked bathroom door and touched her body while she was in the shower. ***See id.*** at 112-13. Victim further testified that around this time, on more than one occasion, Barker entered her bedroom, touched her underneath her clothing, digitally penetrated her vagina, and told her that he was "teaching [her] how to become a lady." ***Id.*** at 113-14. On one occasion, Barker removed Victim pants and penetrated her vagina with a sex toy. ***See id.*** at 115. Victim testified that the acts were

painful, and she "would cry most of the time, just ask him not to do it." *Id.* at 116-17.

In February of 2018, Barker raped Victim, who was 12 years old at the time and left in his care while Victim's brother was hospitalized. *See id.* at 117-18. Victim testified to crying and feeling "disgusted" and "in pain" during the encounter. *Id.* Barker's abuse of Victim continued until she was 13 years old.

Morgan Griska, the Commonwealth's expert in child sexual abuse medical examinations, testified that because most juvenile sexual abuse victims typically delay disclosing incidents of abuse for significant periods of time, physical findings of sexual abuse and indicia of penetrative trauma are not common. *See id.* at 135-37.

Christopher Jones, a criminal detective with the East Lampeter Township Police Department, testified that in August of 2023, he conducted electronic surveillance while Victim confronted Barker about the abuse both in-person and over multiple phone calls. *See id.* at 141. The Commonwealth presented recordings of the phone calls and the conversation captured by body wire to the jury. Although there was no reference to specific sex acts in the recordings, when Victim expressed concern for potentially contracting a sexually transmitted disease from the encounters, Barker indicated that he did not have any. *See id.* at 150. Stephen Heinly, affiant and Detective Sergeant of the West Lampeter Township Police Department, testified that

contacting Barker was "very traumatic" for Victim, who became visibly upset after the encounters. *Id.* at 161.

The jury returned a guilty verdict on all 7 counts. Following completion of a pre-sentence investigation report, Barker was sentenced to an aggregate period of 25 to 50 years' incarceration on October 18, 2024. Specifically, the court imposed a sentence of 15 to 30 years for rape, and consecutive sentences of 5 to 10 years each for involuntary deviate sexual intercourse and aggravated indecent assault. *See* Sentencing Order, 10/18/24, at 1. The court imposed concurrent sentences of 2 to 4 years for statutory sexual assault, and 1 to 2 years each for indecent assault, corruption of minors, and endangering welfare of children. *See id.* at 1, 2. Barker did not file a post-sentence motion. On November 15, Barker's appointed appellate counsel timely filed a Notice of Appeal.

On December 10, 2024, counsel filed a statement of intent to file an *Anders* brief in lieu of a court-ordered Pa.R.A.P. 1925(b) statement, pursuant to Pa.R.A.P. 1925(c)(4). On December 12, 2024, the trial court filed a statement in lieu of memorandum opinion, pursuant to Pa.R.A.P. 1925(a). Barker has not filed a response.

We review court-appointed counsel's request to withdraw from representation pursuant to the following principles:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might

- 4 -

arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief for the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Stroud*, 298 A.3d 1152, 1157 (Pa. Super. 2023) (citation omitted). Furthermore,

[i]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reason for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel's request to withdraw satisfies the technical requirements of *Anders*. Counsel filed an *Anders* brief and a petition to withdraw, in which she concludes that Barker's appeal is wholly frivolous. *See* Application for Leave to Withdraw as Counsel, 2/3/25, at 3. Counsel attached to the petition

- 5 -

a copy of the letter she sent to Barker, in which she adequately explained his appellate rights. *See id.* at 8. Additionally, counsel attached to her petition proof of service of the petition, the *Anders* brief, and notice of rights on Barker. *See id.* at 7.

Moreover, counsel's *Anders* brief is substantively sufficient under *Santiago*. First, counsel provides a summary of the factual and procedural history of the appeal. *See Anders* Brief, at 6-8. Next, counsel identifies arguable appellate issues, including the sufficiency of the evidence, the legality of sentence, the discretionary aspects of sentencing, and potential challenges to hearsay statements admitted into evidence at trial. *See id.* at 8. Finally, counsel concludes that after reviewing the record and sentencing guidelines, the appeal is frivolous because the Commonwealth presented sufficient evidence, the trial court imposed a legal sentence, and any challenge to the discretionary aspects of sentencing or the admissibility of testimony is waived. *Id.* at 10, 18, 19, 25.

Because counsel's petition and brief satisfy the technical and substantive requirements of *Anders* and *Santiago*, we will conduct an independent review to determine whether we agree with counsel that the appeal is wholly frivolous. *See Stroud*, 298 A.3d at 1157.

First, counsel concludes the Commonwealth presented sufficient evidence to convict Barker of all 7 offenses based on the testimony elicited at trial. *See Anders* Brief, at 10. We agree.

Our standard of review for a challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fisher*, 303 A.3d 1078, 1083 (Pa. Super. 2023) (citation omitted). Moreover, "[i]n reviewing a sufficiency claim, we consider the entirety of the evidence introduced, including improperly admitted evidence." *Commonwealth v. Ford*, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

To sustain a conviction for the offense of rape of a child, the Commonwealth must establish that the defendant "engage[d] in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3121(c). Our Criminal Code defines "sexual intercourse" as follows: "[i]n addition to its ordinary meaning, [sexual intercourse] includes intercourse per

os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101. Similarly, to establish the offense of first degree statutory sexual assault under 18 Pa.C.S.A. § 3122.1(b), the Commonwealth must show that the defendant: (1) engaged in sexual intercourse with a complainant who is less than 16 years old; (2) is 11 or more years older than the complainant; and (3) is not married to the complainant. It is well-settled that, to convict a defendant under Section 3122.1, the Commonwealth need not prove the victim did not consent. **See Commonwealth v. Duffy**, 832 A.2d 1132, 1139 (Pa. Super. 2003).

Victim testified that when her brother was hospitalized after having back surgery, Barker entered Victim's bedroom, "laid [Victim] down on the floor" and "proceeded to take [Victim's] pants off and get on top of [Victim]." N.T. Jury Trial, 5/13/24, at 109, 117. When asked which part of Barker's body was touching which part of Victim's body during this encounter, Victim responded "[h]is penis was in my vagina." **Id.** Moreover, Victim testified to her date of birth being October 22, 2005, and Detective Sergeant Heinly testified that Barker was born in 1975. **See id.** at 108, 153. Victim's father testified to her brother having back surgery in February of 2018. **See id.** at 100. Based on this testimony, the Commonwealth established that Barker engaged in sexual intercourse with Victim when she was 12 years old, and he was over 40 years her senior. Accordingly, the evidence was sufficient to convict Barker of both

rape of a child under Section 3121(c) and statutory sexual assault under Section 3122.1(b).

To sustain a conviction for the offense of involuntary deviate sexual intercourse under 18 Pa.C.S.A. § 3123(a)(7), the Commonwealth must establish that the defendant: (1) engaged in deviate sexual intercourse with a complainant who is less than 16 years old; (2) is four or more years older than the complainant; and (3) is not married to the complainant. "Deviate sexual intercourse" is defined as "[s]exual intercourse per os or per anus between human beings" and "also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S.A. § 3101. The definition of "foreign object" under the Code "[i]ncludes any physical object not a part of the actor's body." *Id.* Similarly, a person commits the offense of aggravated indecent assault under 18 Pa.C.S.A. § 3125(a)(7) if he "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" and "the complainant is less than 13 years of age[.]"

Victim testified that on one occasion, when she was 10 years old, Barker removed her pants and inserted a dildo into her vagina. *See* N.T. Jury Trial, 5/13/24, at 114-15. This testimony established that Barker penetrated Victim's genitals with a foreign object when she was under the age of 16. As

previously discussed, the Commonwealth presented evidence establishing that Barker penetrated Victim's genitals with his penis when she was 12 years old. *See* N.T. Jury Trial, 5/13/24, at 117. Victim also testified that when she was 10 years old, Barker used his hands to touch the inside and outside of her vagina. *See id.* at 114. Accordingly, the Commonwealth presented sufficient evidence to convict Barker of both involuntary deviate sexual intercourse under Section 3123(a)(7) and aggravated indecent assault under Section 3125(a)(7).

To sustain a conviction for indecent assault under 18 Pa.C.S.A. § 3126(a)(7), the Commonwealth must establish that the defendant had indecent contact with the complainant who is less than 13 years old. Our Criminal Code defines "indecent contact" as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. Under 18 Pa.C.S.A. § 6301(a)(1)(ii), corruption of minors, "[w]hoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age … commits a felony of the third degree." The phrase "course of conduct" requires the Commonwealth to present evidence of "multiple acts over time." ***Commonwealth v. Kelly***, 102 A.3d 1025, 1031 (Pa. Super. 2014) (*en banc*).

Victim testified that Barker began touching her both over and under her clothing to ensure she was "growing up" when she was 9 years old. N.T. Jury Trial, 5/13/24, at 110. Victim further testified that on multiple occasions when she was 10 years old, Barker touched her chest and vagina both while she was showering and in her bedroom. *See id.* at 112-14. Victim's testimony was replete with instances of Barker having sexual contact with Victim over a period of approximately 4 years when she was under the age of 13. Accordingly, the Commonwealth presented sufficient evidence to convict Barker of indecent assault under Section 3126(a)(7) and corruption of minors under Section 6301(a)(1)(ii).

Finally, under 18 Pa.C.S.A. § 4304(a)(1), "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age … commits [the] offense [of endangering welfare of children] if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." To sustain a conviction for endangering welfare of children, the Commonwealth must establish that:

> 1) the accused is aware of his or her duty to protect the child; 2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and 3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Commonwealth v. Keister*, 292 A.3d 1138, 1141 (Pa. Super. 2023) (citation omitted). "Section 4304 is to be given meaning by reference to the common sense of the community and the broad protective purposes for which it was

enacted." ***Commonwealth v. Vela-Garrett***, 251 A.3d 811, 815 (Pa. Super. 2021) (citation omitted).

As previously discussed, testimony established that Barker, Victim's uncle, had sexual intercourse with Victim when she was 12 years old and left in his care. ***See*** N.T. Jury Trial, 5/13/24, at 117. Moreover, Victim's father testified that Barker resided with their family from September of 2018 to July of 2019, during which some of the abuse occurred. ***See id.*** at 101, 115-16. Therefore, Victim's testimony established that Barker sexually abused Victim when her welfare was subject to his supervision, and he owed her a duty of care, protection and support. Accordingly, the Commonwealth presented sufficient evidence to convict Barker of endangering welfare of children under Section 4304(a)(1).

For the foregoing reasons, we agree with counsel's conclusion that any potential challenge to the sufficiency of the evidence raised by Barker is meritless.

Next, counsel concludes that Barker did not receive an illegal sentence because none of the sentences imposed exceeded the statutory maximum. ***See Anders*** Brief, at 18-19. We agree.

Our standard of review for issues implicating the legality of a sentence is de novo and our scope of review is plenary. ***See Commonwealth v. Cruz***, 320 A.3d 1257, 1272 (Pa. Super. 2024) (*en banc*). "A general definition of an illegal sentence is one that exceeds the jurisdiction or power of the sentencing

court to impose." ***Commonwealth v. Tobin***, 89 A.3d 663, 668 (Pa. Super. 2014) (citation omitted). "Pennsylvania judges retain broad discretion to sentence up to and including the maximum sentence authorized by statute; the only line that a sentence may not cross is the statutory maximum sentence." ***Commonwealth v. Gordon***, 942 A.2d 174, 182 (Pa. 2007) (internal quotation marks and citation omitted).

As counsel aptly notes, none of Barker's sentences exceed the corresponding statutory maximum. Further, in our review of the sentencing guidelines and hearing transcript, we were unable to identify any additional issues of arguable merit concerning the legality of Barker's sentence. Therefore, counsel correctly concludes any potential challenge to the legality of Barker's sentence is meritless.

Next, counsel concludes that Barker cannot challenge the discretionary aspects of sentencing because he failed to properly preserve any claim before the trial court. ***See Anders*** Brief, at 19. We agree.

> Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a

remedy at sentencing, or raise the challenge in a post-sentence motion.

***Commonwealth v. Clary***, 226 A.3d 571, 579 (Pa. Super. 2020) (citations omitted).

Our review of the record confirms that Barker failed to raise a challenge by either objecting and requesting a remedy at his sentencing hearing or filing a post-sentence motion. Therefore, counsel properly concludes that any potential claim challenging the discretionary aspects of Barker's sentence was not properly preserved and is consequently waived on appeal.

Finally, counsel concludes Barker waived any challenge to the admissibility of hearsay statements elicited by the Commonwealth because he failed to object to them at trial. ***See Anders*** Brief, at 25. We agree.

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, it is well-established that "[f]ailure to raise a contemporaneous objection to the [admissibility of] evidence at trial waives that claim on appeal." ***Commonwealth v. Thoeun Tha***, 64 A.3d 704, 713 (Pa. Super. 2013) (citations omitted); ***see also Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) ("The failure to raise a contemporaneous objection to a prosecutor's comment at trial waives any claim of error arising from that comment.") (citation omitted); ***In re Smith***, 307 A.3d 140, 145 (Pa. Super. 2023) ("[T]o preserve evidentiary challenges for appellate review, a litigant must object at trial. This requirement applies equally to *pro se* litigants.") (citations omitted).

Our review of the trial transcripts confirms that Barker failed to object to any testimony presented by the Commonwealth at trial. Therefore, counsel properly concludes that any potential claim challenging the admissibility of alleged hearsay statements elicited by the Commonwealth is waived on appeal.

For the foregoing reasons, we agree with counsel that Barker's appeal is wholly frivolous. We were unable to discern any additional issues of arguable merit. Accordingly, we affirm the judgment of sentence and grant counsel's request to withdraw from representation.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2025