J-S40045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH A. MARTIN | : | |
| | : | |
| Appellant | : | No. 1135 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002807-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH MARTIN | : | |
| | : | |
| Appellant | : | No. 1136 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000199-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH ALBRON MARTIN JR. | : | |
| | : | |
| Appellant | : | No. 1137 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 13, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004032-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: DECEMBER 17, 2025**

In these consolidated appeals, Keith Albron Martin, Jr. (Appellant), appeals, *pro se*, from the judgments of sentence imposed following his jury convictions, in three separate Dauphin County cases (the three cases), of three counts each of possession with intent to deliver a controlled substance (PWID) and possession of drug paraphernalia; and one count each of possession of a controlled substance, tampering with evidence, and obstruction of justice.[1]  We are constrained to remand for the trial court to file Pa.R.A.P. 1925(a) opinions, as our review of Appellant's issues is hampered by the absence of an opinion.

_____

[1] 35 P.S. §§ 780-113(a)(30), (32); *id.* § 780-113(a)(16); 18 Pa.C.S.A. §§ 4910(1), 5101.  The charges arose out of three separate cases, CP-22-CR-199-2021 (Case 199), CP-22-CR-2807-2022 (Case 2807), and CP-22-CR-4032-2022 (Case 4032).  The trial court sentenced Appellant regarding the three cases in a single proceeding on June 13, 2024.

Appellant filed separate appeals at each of the three cases.  Pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), appellants must file separate notices of appeal from single orders that resolve issues on more than one docket.  **Id.** at 971.  Instantly, Appellant complied with **Walker**, where he filed a separate notice of appeal for each of the three cases, each of which properly listed only one docket number.  **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (finding compliance with **Walker** where the appellant filed separate notices of appeal for each lower court docket he was challenging).

On July 21, 2025, this Court consolidated Appellant's separate appeals *sua sponte*.  **See** Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.").

We need not detail the facts underlying the three cases based on our disposition. Following Appellant's respective arrests in the three cases, the Commonwealth charged him with the aforementioned offenses.

On February 23, 2023, in Case 199, Appellant filed a counseled omnibus pretrial motion to suppress physical evidence that police obtained from a warrantless search of his person and the vehicle in which he was a passenger. The Commonwealth filed a response on March 10, 2023. Three days later, the trial court denied Appellant's suppression motion.

In Case 199, Appellant's jury trial occurred on December 13, 2023.[2] The jury convicted Appellant of one count each of PWID, possession of a controlled substance, and possession of drug paraphernalia.

In Case 2807, Appellant's jury trial occurred on December 14, 2023. The jury convicted Appellant of one count each of PWID, possession of drug paraphernalia, and tampering with evidence.

On February 29, 2024, in Case 4032, Appellant filed a *pro se* omnibus pretrial motion to suppress physical evidence. The trial court denied the motion on March 15, 2024. Appellant's jury trial in Case 4032 occurred on

---

[2] In each of his respective jury trials in the three cases, Appellant proceeded *pro se*. Appellant continued to represent himself at all relevant times, with the assistance of appointed standby counsel.

May 21, 2024.[3]  The jury convicted Appellant of one count each of PWID, possession of drug paraphernalia, and obstruction of justice.

Sentencing for the three cases occurred at a single proceeding on June 13, 2024.  The trial court imposed an aggregate sentence of 30 to 120 months' incarceration.[4, 5]

In Case 199, Appellant filed a post-sentence motion on the same date as sentencing, titled "Post-Sentence Motion for Judgment of Acquittal and New Trial."[6]  Appellant urged the trial court to set aside the verdicts and grant him a new trial, where, *inter alia*, the verdicts were against the weight and

_____

[3] The certified record contains no transcript of the May 21, 2024, trial.

[4] The trial court ordered the separate sentences imposed for each of the three cases to run concurrently with one another.  N.T., 6/13/24, at 6.

[5] The trial court dockets reflect that, on July 3, 2024, in each of the three cases, the trial court filed an amended sentencing order.  **See** 42 Pa.C.S.A. § 5505 (permitting a trial court to amend the judgment of sentence within thirty days if no appeal of such order has been taken); **see also Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (stating that where a trial court amends the judgment of sentence during the period it maintains jurisdiction, the direct appeal lies from the amended judgment of sentence).  Here, the amended sentencing order, though entered on July 3, 2024, is (1) dated June 13, 2024; and (2) identical to the original June 13, 2024, sentencing order.  **See generally** Amended Sentencing Order, 7/3/24.  In light of these anomalies, we deem the date of imposition of Appellant's judgments of sentence as June 13, 2024.

[6] Appellant also purported to file, in Case 2807 and Case 4032, post-sentence motions on June 13, 2024.  However, there is no indication, in either the certified records or trial court dockets, that Appellant filed post-sentence motions.  Nevertheless, in both Case 2807 and Case 4032, the trial court entered orders on June 21, 2024, purportedly denying Appellant's post-sentence motions filed in each respective case.

sufficiency of the evidence, and the court improperly denied Appellant's suppression motion. Post-Sentence Motion for Judgment of Acquittal and New Trial, 6/13/24, ¶¶ 1, 9-11. On June 21, 2024, the trial court entered an order denying Appellant's post-sentence motion.

On July 15, 2024, in each of the three cases, Appellant filed a "Motion to Withdraw Standby Counsel," alleging the ineffectiveness of Appellant's standby counsel, and seeking the appointment of new standby counsel. *See generally* Motion to Withdraw Standby Counsel, 7/15/24. The trial court denied Appellant's motions on July 22, 2024.

On August 8, 2024, Appellant filed separate *pro se* notices of appeal at each of the three cases. The trial court did not order Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[7]

On August 20, 2024, for each of the three cases, the trial court issued substantially identical statements in lieu of Rule 1925(a) opinions. The trial court recommended that we quash each of Appellant's appeals as untimely filed. *See generally* Trial Court Statement in Lieu of Opinion, 8/20/24. The trial court reasoned that

> because this court denied Appellant's post-sentence motion on June 21, 2024, Appellant was required to file his notice of appeal

---

[7] Several months after Appellant initiated these appeals, he filed *pro se* Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal in the trial court. Specifically, in Case 4032 and Case 2807, Appellant filed concise statements in May and August 2025. Regarding Case 199, the certified record is incomplete and does not contain a concise statement.

- 5 -

> by July 22, 2024. Because Appellant did not file his notice of appeal until August 8, 2024, the notice of appeal is untimely.

*Id.* at 1 (capitalization modified); *see also* Pa.R.A.P. 903(a) (mandating that a "notice of appeal … shall be filed within **30 days** after the entry of the order from which the appeal is taken." (emphasis added)).

On December 9, 2024, this Court directed the trial court to conduct a *Grazier*[8] hearing and make "an on-the-record determination as to whether Appellant wants to proceed *pro se*, *pro se* with standby counsel, or with court-appointed counsel for purposes of appeal." Order, 12/9/24. The trial court conducted a *Grazier* hearing on January 17, 2025. Four days later, the court entered an order stating that it "is satisfied that [Appellant's] decision to proceed *pro se* with standby counsel is knowing, intelligent, and voluntary." Order, 1/21/25, at 1 (unpaginated); *see also id.* (appointing standby counsel for appellate purposes).

On May 23, 2025, this Court issued rule (RTSC) upon Appellant in the three cases, directing him to show cause why the appeals should not be quashed as untimely filed under Rule 903(a). *See Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) ("[A]n appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear

---

[8] *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

the appeal." (citations omitted)). The RTSC orders pointed out that the trial court initially sentenced Appellant on June 13, 2024, followed by the amended sentencing order on July 3, 2024, but Appellant's respective notices of appeal were not filed until August 8, 2024. RTSC Orders, 5/23/25.

Appellant filed *pro se* responses to the RTSC orders on June 24, 2025. Appellant claimed that his notices of appeal were timely received in the trial court on July 12, 2024, *i.e.*, within 30 days of imposition of his judgments of sentence, and "**the Clerk of Courts then time-stamped the notice of appeals for the day of 7/12/2024**, the day it was initially received[.]" Response, 6/24/25, at 1 (emphasis added). According to Appellant, the Clerk of Courts improperly

> crossed out the timestamped date of 7/12/2024, with an 'X'[9] and returned the documents to Appellant as alle[]gedly being

_____

[9] Appellant attached to his Responses purported copies of the *pro se* notices of appeal he filed in the three cases, each of which bore a timestamped date of July 12, 2024, which was stricken out in handwriting. Response, 6/24/25, Attachments (unnumbered). We are mindful that appending these documents to Appellant's Responses does not make them a part of the certified record. **Commonwealth v. Stroud**, 298 A.3d 1152, 1158 n.5 (Pa. Super. 2023) ("Under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record." (citation and brackets omitted)). However, with respect to Case 2807, our review of the certified record confirms that Appellant's notice of appeal bore two timestamped dates, *i.e.*, July 12, 2024, and August 8, 2024, the former of which was stricken out.

defective, with a correspondence form stating [A]ppellant needed to fill out an *In Forma Pauperis* form[ (IFP form).[10]]

*Id.* (footnote added; capitalization modified). Appellant argued that

pursuant to Pa.R.A.P.[ ]902,[11] [Appellant's] originally filed and time-stamped [notices of appeal] for 7/12/2024, should be [deemed] timely filed regardless of whether the clerk deemed the filing defective. Also, Pa.R.A.P.[ ]902 mandates "that failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity."

*Id.* at 2 (footnote added; capitalization and punctuation modified).

This Court discharged the RTSC orders on July 21, 2025, and referred the matter to the merits panel. In a separate order entered on the same date, this Court, *sua sponte*, consolidated Appellant's separate appeals corresponding to each of the three cases. Appellant filed his *pro se* consolidated brief in this Court on September 17, 2025.

As a preliminary matter, we address the timeliness of Appellant's appeals. *See Williams*, 106 A.3d at 587 (stating an untimely notice of appeal generally divests this Court of jurisdiction). Pursuant to Pa.R.A.P. 905,

---

[10] Appellant attached to his Responses a Dauphin County Clerk of Courts form document, dated July 12, 2024, which stated that Appellant must first submit a completed IFP form before the clerk could take further action. Response, 6/24/25, Attachment (unnumbered).

[11] Rule 902 provides in subsection (b)(1) that "[e]xcept as provided in subdivision (b)(2), the failure of a party to comply with the requirements stated in subdivision (a) does not affect the validity of the appeal, but the appeal is subject to such action as the appellate court deems appropriate." Pa.R.A.P. 902(b)(1). Subsection (b)(2) provides that "[t]he failure to file a notice of appeal within the time allowed by Pa.R.A.P. 903 (time for appeal) renders an appeal invalid." Pa.R.A.P. 902(b)(2).

"[u]pon receipt of the notice of appeal, **the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken**, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3) (emphasis added); *see also Williams*, 106 A.3d at 588 ("The use of the word 'shall' in Rule 905(a)(3) leaves the lower court clerk no discretion in its application of the rule.").

> [T]he clerk of courts fulfills a strictly administrative function, and is therefore **obligated to accept and process notices of appeal upon receipt** in accordance with the Rules of Appellate Procedure, **notwithstanding any perceived defects therein**.

*Williams*, 106 A.3d at 588-89 (footnote omitted; emphasis added); *see also Commonwealth v. Alaouie*, 837 A.2d 1190, 1192 (Pa. Super. 2003) (holding prothonotary had no authority to reject appellant's timely but defective notice of appeal).

Instantly, pursuant to Rule 905(a)(3), the clerk of courts should have docketed Appellant's notices of appeal on July 12, 2024, to preserve the filing date for his appeals. Accordingly, contrary to the trial court, we conclude that Appellant's appeals were timely filed.[12] **See** Pa.R.A.P. 903(a), 905(a)(3); *Williams*, *supra*.

---

[12] Assuming, *arguendo*, that the 30-day appeal period began to run on July 3, 2024 (*i.e.*, the date of entry of the amended sentencing order), the untimeliness of the appeals may alternatively be excused pursuant to *Commonwealth v. Midgley*, 289 A.3d 1111 (Pa. Super. 2023), as the trial court docket entry for the amended sentencing order does not indicate Appellant was served with the order. **Id.** at 1117 (treating an appeal as timely
*(Footnote Continued Next Page)*

However, our review of Appellant's issues is hampered by the absence of a Pa.R.A.P. 1925(a) trial court opinion. "The Rules of Appellate Procedure make the filing of a 1925(a) opinion mandatory and the Rule 1925(a) opinion must set forth the reasons for the rulings of the trial judge or must specify in writing the place in the record where the reasons may be found." *Commonwealth v. Heidelberg*, 267 A.3d 492, 498 n.5 (Pa. Super. 2021) (*en banc*) (citation and quotation marks omitted). Our Supreme Court has stated, "[**t**]**he absence of a** [**Rule 1925(a)**] **trial court opinion poses a substantial impediment to meaningful and effective appellate review**." *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (emphasis added); *see also id.* (stating that Rule 1925 is "a crucial component of the appellate process."); *Commonwealth v. Widger*, 237 A.3d 1151, 1165 n.5 (Pa. Super. 2020) ("It is incumbent upon a trial court to provide this Court with its Rule 1925(a) opinion addressing an appellant's issues, with citation to the record, to permit a meaningful and effective review of the issues raised and efficient use of judicial resources.").

Our Supreme Court has stated that the "purpose of [Rule] 1925(a) is to facilitate appellate review of a particular trial court order. Additionally[,] the [R]ule fulfills an important policy consideration by providing to disputing

---

where the trial court docket did not indicate service on appellant or the date of service); *see also* Pa.R.Crim.P. 114(C)(2)(c) (providing that trial court docket entries shall contain, *inter alia*, "the date of service of the order or court notice.").

parties, as well as to the public at large, the legal basis for a judicial decision." **Commonwealth v. Parrish**, 224 A.3d 682, 692 (Pa. 2020) (ellipses omitted) (citing **Commonwealth v. DeJesus**, 868 A.2d 379, 383 (Pa. 2005) (stating, where a trial court fails to issue a Rule 1925(a) opinion, "the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter.")). "The remedy for [a] trial court's non-compliance with Rule 1925(a) is to remand the case to the trial court with instructions to prepare an opinion and return the case to this Court." **Widger**, 237 A.3d at 1158 n.5 (citation omitted).

Instantly, without a Rule 1925(a) opinion, we are unable to conduct meaningful review of Appellant's issues, and remand is the appropriate remedy. **Id.**; **see also Stroud**, 298 A.3d at 1158 (where the absence of a Rule 1925(a) opinion hampered our review of appellant's issues, remanding case for the trial court to issue, *inter alia*, a Rule 1925(a) opinion).

Based upon the foregoing, we remand for the trial court to issue a Rule 1925(a) opinion corresponding to each of the three cases, addressing the issues identified in Appellant's above-described concise statements, within 30 days of the filing of this Memorandum. **See Stroud**, 298 A.3d at 1158. We further direct the trial court to supplement the certified record with the filings necessary to resolve Appellant's issues.

Case remanded for proceedings consistent with this Memorandum.

Panel jurisdiction retained.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2025